# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### MONROE DIVISION

CHARLES R. MAY, JR.                          *      CIVIL ACTION NO.  11-1294

VERSUS                                       *      JUDGE ROBERT G. JAMES

MICHAEL J. ASTRUE,                           *      MAG. JUDGE KAREN L. HAYES
COMMISSIONER, SOCIAL
SECURITY ADMINISTRATION

## REPORT AND RECOMMENDATION

On December 1, 2011, the court notified plaintiff that it was considering dismissal of the above-captioned case because service of process had not been effected within 120 days after filing suit.  (Dec. 1, 2011, Notice of Intent to Dismiss [doc. # 9]).  The court granted plaintiff 14 days from the date of the order to perfect and file the return of service, or to file evidence of good cause for his failure to timely perfect same.  To date, however, there is no indication in the record that the government has been served, nor has plaintiff explained to the court his failure to serve the government.

## Law and Analysis

In the absence of good cause, the Federal Rules of Civil Procedure provide for dismissal of an unserved defendant when, as here, service is not perfected within 120 days after suit is filed.  Fed.R.Civ.P. 4(m).  In the case *sub judice*, plaintiff neither provided any explanation for the improper service, nor requested an extension of time to properly perfect service.

Accordingly, good cause is lacking.[1]

The undersigned further observes that to the extent the applicable statute of limitations may bar plaintiff from re-filing the instant suit, then dismissal at this juncture effectively will constitute dismissal "with prejudice," – "an extreme sanction that deprives the litigant of the opportunity to pursue his claim." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992) (internal quotations omitted).  Dismissal with prejudice for failure to prosecute or to comply with a court order is warranted only where "a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice." *See Millan v. USAA General Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008) (citations and internal quotation marks omitted).  In addition, the Fifth Circuit generally requires the presence of at least one of three aggravating factors:  "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Id.*

The undersigned finds that the requirements for a dismissal with prejudice are satisfied in

---

[1]  "To establish good cause, a litigant must demonstrate 'at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice.'"  *Systems Signs Supplies v. U.S. Dept. of Justice, Washington, D.C.*,  903 F.2d 1011, 1013 (5th Cir. 1990).  Moreover, "the claimant must make a showing of good faith and establish 'some reasonable basis for noncompliance within the time specified.'"  *Id.* (quoting 4A C. Wright & A. Miller, Federal Practice and Procedure § 1165, at 480 (2d ed. 1987)).

While the court is cognizant of plaintiff's *pro se* status, "'the right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law.'" *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988) (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)).

this case.  As discussed above, plaintiff has ignored multiple court orders.[2]  Furthermore, plaintiff is proceeding in forma pauperis, and thus likely does not enjoy sufficient means to fund a lesser, monetary sanction.  Moreover, dismissal of the case may be the least sanction where, as here, plaintiff is not actively pursuing his cause of action.  Finally, plaintiff's unrepentant flaunting of court orders[3] reflects his own contumaciousness or "stubborn resistance to authority"[4] which is personally attributable to him as a pro se litigant.  Accordingly,

**IT IS RECOMMENDED** that the instant complaint be **DISMISSED**.  Fed.R.Civ.P. 4(m); LR 41.3W.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE**

---

[2]  On July 15, 2011, the court reminded plaintiff that he was required to serve the government in accordance with Federal Rule of Civil Procedure 4(i).  (July 15, 2011, Mem. Order [doc. # 7]).

[3]  This report and recommendation itself provides plaintiff with further notice of his non-compliance.

[4]  *See Millan, supra.*

**SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, at Monroe, Louisiana, this 6th day of January 2012.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE